UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

BISHOP F.F. BEST,

               Plaintiff,

                                                         **MEMORANDUM AND ORDER**
   v.                                                             **05-CV-02348 (NGG)**

OCWEN LOAN SERVICING, LLC,

               Defendant.
----------------------------------------------------------X

GARAUFIS, United States District Judge.

      Bishop F.F. Best ("Best" or "Plaintiff") brings this action against Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") pursuant to 42 U.S.C. § 1983, seeking review of a state court foreclosure proceeding. Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, Defendant's motion is GRANTED.

**I.    Factual Background**

      In April 2003, a judgment was entered against Plaintiff in state court foreclosing a mortgage on which he had defaulted. (Def.'s Notice of Motion for Summary Judgment, Ex. D at 1.) The state court found that Best had failed to make timely payments and that he owed a substantial portion of the mortgage, and subsequently appointed a referee to calculate the amount owed on the principal. (Id.)

      In May 2005, Plaintiff filed the instant action against Ocwen, the former servicing agent for his mortgage, pursuant to 42 U.S.C. § 1983, alleging misconduct related to the state-court proceeding. (Compl. at 1.)

**II.     Legal Analysis**

Plaintiff brings this action under 42 U.S.C. § 1983 in an attempt to obtain federal review of a state court judgment. Section 1983 provides a remedy for the deprivation of a federal right by an individual acting under color of state law. See Gomez v. Toledo, 446 U.S. 635, 638 (1980). To state a Section 1983 claim, a plaintiff must assert and prove two allegations: "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Id. at 640; see also Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998) (same).

This court finds that Plaintiff does not state, and cannot prove, either threshold allegation. Plaintiff does not even contend that he was deprived of a federal right. Instead, Plaintiff merely objects to the outcome of the state court foreclosure proceeding and the amount he was required to pay, rather than the process that determined that outcome and amount.

Moreover, Plaintiff does not allege that Defendant acted under color of state law. It is undisputed that Defendant is a privately-owned limited liability company that is unaffiliated with any state or local government. (Jones Decl. ¶ 2.) To maintain a Section 1983 claim against a private actor, a plaintiff must show that the private actor performs the equivalent of a state function (*i.e.*, that the actor exercises powers "traditionally exclusively reserved to the state"), or that the state and the private actor enjoy a "symbiotic relationship," (*i.e.*, that their significant involvement renders the private actor subject to the constitutional responsibilities of the state). See Jensen v. Farrell Lines, Inc., 625 F.2d 379, 384 (2d Cir. 1980) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 352, 357 (1974)). Plaintiff does not allege, and cannot demonstrate,

that Defendant's services with respect to the mortgage constitute a traditional state function, or that Defendant enjoys a symbiotic relationship with a state government.

Defendant is "entitled to a judgment as a matter of law" because there is "no genuine issue as to any material fact" with respect to either requirement of the Section 1983 claim. Fed. R. Civ. P. 56(c).

## III. Conclusion

For the reasons set forth above, Plaintiff cannot satisfy the elements of a Section 1983 claim. Defendant's motion for summary judgment dismissing Plaintiff's entire Complaint is therefore GRANTED. The Clerk of Court is directed to enter a judgment and close this case.

SO ORDERED.
Dated: March 21, 2007　　　　　　　　　　　　　　　 /s/ Nicholas G. Garaufis
　　　　Brooklyn, N.Y.　　　　　　　　　　　　　　NICHOLAS G. GARAUFIS
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge